```
RECEIPT #_____
AMOUNT $ 150
SUMMONS ISSUED  2
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE  6-10-04
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 10  P 2:02

U.S. DISTRICT COURT
DISTRICT OF MASS.

MIGUEL A. CINTRON, )
)
Plaintiff, )
) CIVIL ACTION NO. _____
v. )
) 04-11293 REK
PETER V. MCLOUGHLIN, )
and SYSTEMS MARKETING, INC. )
) MAGISTRATE JUDGE Bowler
Defendants. )
)

## COMPLAINT AND JURY DEMAND

### I. INTRODUCTION

Plaintiff Miguel A. Cintron brings this action for damages, imposition of a constructive trust, and an accounting arising out of the breach of a partnership agreement with Defendant Peter McLoughlin. Defendant Peter McLoughlin has failed or refused to report to and pay Plaintiff Miguel Cintron any amounts from their joint venture project, despite Plaintiff's work on behalf of and dedication to the partnership.

### II. PARTIES

1. Plaintiff Miguel A. Cintron is an individual residing in Winchester, Massachusetts.

2. Defendant Peter V. McLoughlin is an individual, upon information and belief, residing at 75 Old Post Road, Southport, Connecticut.

3. Defendant Systems Marketing, Inc. is a Connecticut corporation with a principal place of business, upon information and belief, located in Southport,

Connecticut. Upon information and belief, Defendant Peter McLoughlin is the sole owner and operates the business of Systems Marketing, Inc.

## III. JURISDICTION AND VENUE

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as the parties are citizens of diverse states and the amount in controversy exceeds the sum of $75,000.00. Venue is proper in this judicial district according to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims occurred in this judicial district.

## IV. FACTUAL ALLEGATIONS

5. Plaintiff Miguel A. Cintron ("Mr. Cintron") has broad and expansive experience and expertise as a computer consultant. Mr. Cintron has been engaged in the business of providing independent consulting services in the information technology sector for many years. Mr. Cintron has an expertise in computer programming, and in the design, development, and implementation of specialized computer applications.

6. Defendant Peter McLoughlin ("McLoughlin") is engaged in sales of computer components. McLoughlin sells computer components through the company called Systems Marketing, Inc., which is owned and operated by McLoughlin.

7. In or about April 2002, Mr. Cintron and McLoughlin, individually or through Systems Marketing, Inc., agreed to enter into a joint venture together for the purpose of developing and marketing for sale a specialized computer application (hereinafter the "Partnership" or "Partnership Agreement").

8. Mr. Cintron and McLoughlin agreed that the purpose of the Partnership was to work jointly to design, implement, and market a computer application to permit

high-volume direct e-mail advertising for targeted markets (hereinafter referred to as the "Project").

9. Mr. Cintron and McLoughlin agreed, that Mr. Cintron would provide system design and development expertise to and in furtherance of the Project on behalf of the Partnership. Mr. Cintron's investment in the Partnership was his experience and expertise in developing and implementing specialized computer applications.

10. Mr. Cintron and McLoughlin agreed, as Partners, that McLoughlin would provide the computer hardware equipment and monetary investment for and in furtherance of the Project on behalf of the Partnership. McLoughlin's investment in the Partnership was money and equipment.

11. Mr. Cintron and McLoughlin agreed, as Partners, that they would share equally in all net profits derived from the Project under the Partnership Agreement.

12. McLoughlin sent e-mail communications and telephone communications from Connecticut into Massachusetts for the purpose of inducing Mr. Cintron to enter into the Partnership Agreement, and to induce Mr. Cintron perform services to and for the benefit of the Project.

13. McLoughlin communicated the terms of the Partnership Agreement to Mr. Cintron in Massachusetts by way of e-mail communications and telephone communications.

14. The Partnership Agreement was consummated in Massachusetts.

15. The Partnership Agreement between McLoughlin and Mr. Cintron is governed by Massachusetts law.

16. In reliance on the Partnership Agreement, Mr. Cintron invested significant time, energy, and resources to and on behalf of the Project for over twelve months.

17. In reliance on the Partnership Agreement between the parties, Mr. Cintron performed services to and on behalf of the Project.

18. In furtherance of the Project and on behalf of the Partnership, Mr. Cintron identified and retained computer programmers to design and develop computer software for the Project; configured computers and implemented hardware systems; managed software developers and designers; and engaged in other services to develop and implement the Project on behalf of the Partnership.

19. Mr. Cintron engaged in all of the services in furtherance of the Partnership Agreement and for the benefit of the Project in Massachusetts.

20. In accordance with the Partnership Agreement, McLoughlin provided computer hardware components and cash investment for the Project.

21. Mr. Cintron fully and completely complied with the Partnership Agreement, and expended significant time and energy in furtherance of the Project for the benefit of the Partnership.

22. McLoughlin, upon informing and belief, received on behalf of the Partnership gross payment for work performed on the Project of approximately $17,995.00 per month beginning in or about April 2002.

23. McLoughlin never paid Mr. Cintron any amounts for work Mr. Cintron performed on the Project, or any amounts received by McLoughlin for the Project.

24. Mr. Cintron performed services on the Project and on behalf of the Partnership in reliance on the promise of payment by McLoughlin.

25. In or about May 2003, McLoughlin announced to Mr. Cintron that McLoughlin would not comply with the Partnership Agreement, would not pay Mr. Cintron any monies derived from the Project, and was unilaterally altering the terms of the Partnership Agreement. McLoughlin made these statements to Mr. Cintron via e-mail communications sent to Mr. Cintron in Massachusetts. A true and accurate copy of e-mail communications from McLoughlin sent into Massachusetts to Mr. Cintron are attached hereto at Exhibit 1.

26. Mr. Cintron, as a Partner, is entitled to receive one-half of the net profit earned from the Project.

27. McLoughlin has retained for his own personal benefit all of the profits received from monies paid on account of the Project since April 2002.

28. McLoughlin has failed or refused to pay Mr. Cintron profit derived from the Project, as required by the Partnership Agreement.

29. McLoughlin has failed or refused to provide Mr. Cintron an accounting of all partnership profits.

30. Upon information and belief, Mr. Cintron is entitled to receive in excess of $75,000.00 as his share of the net profits derived from the Project pursuant to the Partnership Agreement.

31. McLoughlin has taken control over the assets of the Partnership, for his own personal benefit to the exclusion of Mr. Cintron, in violation of the Partnership Agreement and in breach of his fiduciary duty as a partner.

32.     Mr. Cintron has sustained monetary damage as a direct and proximate result of McLoughlin's failure to comply with the Partnership Agreement and his breach of his fiduciary duty as a Partner with Mr. Cintron.

## IV.     CAUSES OF ACTION

### COUNT I
### (Breach of Fiduciary Duty)

33.     Plaintiff repeats and incorporates by reference the allegations set forth in Paragraphs 1 through 32 as if each were fully set forth herein.

34.     As a partner and joint venturer in connection with the Project, McLoughlin owed Mr. Cintron a fiduciary duty of loyalty with respect to their Partnership and joint venture enterprise.

35.     By his actions described above, and as will be further proven at trial, McLoughlin breached his fiduciary duty of loyalty to Mr. Cintron.

36.     Mr. Cintron has suffered damages, including monetary loss, as a direct and proximate result of the breach of fiduciary duty by McLoughlin, in an amount to be determined at trial.

37.     Mr. Cintron is entitled to an award of damages against McLoughlin, an accounting of all Partnership assets, and other relief this Court deems just and proper.

### COUNT II
### (Breach of Contract)

38.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 37 as if each were fully set forth herein.

39.     For good and valuable consideration, McLoughlin entered into the Partnership Agreement with Mr. Cintron.

40. Mr. Cintron fully complied with and performed his obligations under the Partnership Agreement.

41. McLoughlin breached the Partnership Agreement with Mr. Cintron.

42. Mr. Cintron has sustained damages as a direct and proximate result of the breach of the Partnership Agreement by McLoughlin, in an amount to be determined at trial.

## COUNT III
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

43. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 42 as if each were fully set forth herein.

44. McLoughlin had an implied duty to deal with Mr. Cintron fairly and in good faith under the Partnership Agreement.

45. McLoughlin breached the implied covenant of good faith and fair dealing inherent in the contractual relationship with Mr. Cintron.

46. Mr. Cintron sustained damage as a direct and proximate result of the breach of the implied covenant of good faith and fair dealing by McLoughlin.

## COUNT IV
### (Unjust Enrichment)

47. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 46 as if each were fully set forth herein.

48. McLoughlin benefited by the contributions and services rendered by Mr. Cintron to and for the benefit of the Partnership and the Project.

49. McLoughlin has been unjustly enriched at the expense of Mr. Cintron.

50. Mr. Cintron is entitled to recover from McLoughlin an amount of money for which McLoughlin has been unjustly enriched, in an amount to be determined at trial.

## COUNT V
### (Quantum Meruit)

51. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 50 as if each were fully set forth herein.

52. Mr. Cintron rendered valuable services to and for the benefit of the Partnership and the Project.

53. McLoughlin accepted the benefit of the valuable services rendered by Mr. Cintron.

54. McLoughlin personally benefited from the valuable services rendered by Mr. Cintron.

55. McLoughlin accepted the benefit of the services rendered by Mr. Cintron with knowledge that Mr. Cintron expected payment for the services rendered to and on behalf of the Project.

56. Mr. Cintron has received no payment from McLoughlin for the valuable services Mr. Cintron rendered to and on behalf of the Project.

57. Mr. Cintron is entitled to recover from McLoughlin the reasonable value of services rendered to the Project, in an amount to be determined at trial.

## COUNT VI
### (Promissory Estoppel)

58. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 57 as if each were fully set forth herein.

59. McLoughlin promised to pay Mr. Cintron one-half of the profits derived from the Project to induce Mr. Cintron to render valuable services to and for the benefit of the Project.

60. Mr. Cintron reasonably relied upon the promises made by McLoughlin, and rendered valuable services to the Project in reliance on the promises of McLoughlin.

61. Mr. Cintron relied, to his detriment, on the promises made by McLoughlin.

62. McLoughlin breached the promises made to Mr. Cintron by failing or refusing to pay Mr. Cintron one-half of profits derived from the Project.

63. As a direct and proximate result of the breach of the promises by McLoughlin, Mr. Cintron has suffered damage in an amount to be determined at trial.

64. McLoughlin is estopped from refusing to comply with the promise to pay Mr. Cintron one-half of the profit from the Project.

## COUNT VII
### (Deceit)

65. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 64 as if each were fully set forth herein.

66. McLoughlin represented to Mr. Cintron that he would be paid one-half of the net profits from the Project as equal partner in the Partnership in return for Mr. Cintron providing valuable services to the Project.

67. McLoughlin falsely represented to Mr. Cintron that he was entitled to a one-half interest in the Partnership.

68. McLoughlin made the statements of fact to Mr. Cintron to induce Mr. Cintron to render valuable services to the Project.

69. McLoughlin knew the representations made to Mr. Cintron about the Partnership and the Project were false when made, and McLoughlin did not intend to pay Mr. Cintron.

70. Mr. Cintron reasonably relied upon the representations of McLoughlin, and Mr. Cintron rendered valuable services to the Project to the detriment of Mr. Cintron.

71. As a direct and proximate result of the misrepresentations of fact by McLoughlin, Mr. Cintron has sustained and continues to sustain damages, in an amount to be determined at trial.

## COUNT VIII
### (Negligent Misrepresentation)

72. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 71 as if each were fully set forth herein.

73. McLoughlin represented to Mr. Cintron that he would be paid one-half of the net profits from the Project as equal partner in return for Mr. Cintron providing valuable services to the Project.

74. McLoughlin falsely represented to Mr. Cintron that he was entitled to a one-half interest in the Partnership.

75. McLoughlin made the statements of fact to Mr. Cintron to induce Mr. Cintron to render valuable services to the Project.

76. McLoughlin knew or in the exercise of due care should have known the representations made to Mr. Cintron about the Partnership and the Project were false when made.

77. Mr. Cintron reasonably relied upon the representations of McLoughlin, and Mr. Cintron rendered valuable services to the Project to the detriment of Mr. Cintron.

78.     As a direct and proximate result of the misrepresentations of fact by McLoughlin, Mr. Cintron has sustained and continues to sustain damages, in an amount to be determined at trial.

### COUNT IX
### (Action for An Accounting)

79.     Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 78 as if each were fully set forth herein.

80.     Mr. Cintron is entitled to a full and complete account from McLoughlin of all Partnership assets, including, but not limited to, all amounts received by McLoughlin from the Project.

### V. REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Miguel Cintron requests this Honorable Court to:

1.      Enter judgment in his favor against McLoughlin on all Counts;

2.      Award him damages against McLoughlin in an amount to be determined at trial;

3.      Order the imposition of a constructive trust over all assets of the Partnership, including, but not limited to, all monies derived from the Project, and to order prohibit McLoughlin to refrain from dissipating or disposing of Partnership assets, including money derived from the Project;

4.      Order McLoughlin to account for all Partnership assets, including, but not limited to, all monies or benefits received on account of the Project;

5.      Enter an order requiring McLoughlin to comply with the terms and conditions of the Partnership Agreement with respect to the Project;

6.      Award him attorneys' fees and costs in bringing this action; and

7. Grant such other and further relief deemed just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL
CLAIMS SO PERMITTED.**

Respectfully submitted,

MIGUEL A. CINTRON

By his attorneys,

_____
Peter F. Carr, II  (BBO #600069)
ECKERT SEAMANS CHERIN & MELLOTT, LLC
One International Place, 18th Floor
Boston, MA  02110
617.342.6800
617.342.6899 (FAX)

DATED:  June 10, 2004

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Miguel A. Cintron

**DEFENDANTS**

Peter V. McLoughlin and Systems Marketing, Inc.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Peter F. Carr, II    617.342.6800
Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor, Boston, MA 02110

Attorneys (If Known)

04-11293 REK

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / PERSONAL INJURY ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 863 DIW C/DIW W (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | FEDERAL TAX SUITS | |
| ☐ 240 Torts to Land | | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | ☐ 871 IRS—Third Party 26 USC 7609 | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff brings diversity action under 28 U.S.C, section 1332 for breach of partnership, breach of contract, and breach of fiduciary duty.

**VII. REQUESTED IN COMPLAINT:**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 6-10-04   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUN _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

1. Title of case (name of first party on each side only) __Miguel A. Cintron v. Peter McLoughlin__

2004 JUN 10 P 2:02

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

U.S. DISTRICT COURT
DISTRICT OF MASS.

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.  *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V. 150, 152, 153.

04-11293 REK

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]  NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]  NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]  NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]  NO [x]

7. Do **all** of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]  NO [ ]

   A. If yes, in which division do **all** of the non-governmental parties reside?
      Eastern Division [x]    Central Division [ ]    Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]  NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Peter F. Carr, II__
ADDRESS Eckert Seamans Cherin & Mellott, LLC
One International Place, 18th Floor, Boston, MA 02110
TELEPHONE NO. 617.342.6800

(Coversheetlocal.wpd - 10/17/02)