UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MIGUEL A. CINTRON, )<br>)<br>    Plaintiff/Defendant-In- )<br>    Counterclaim, )<br>)<br>v. )<br>)<br>PETER V. MCLOUGHLIN, )<br>and SYSTEMS MARKETING, INC. )<br>)<br>    Defendants/Plaintiffs-In- )<br>    Counterclaim. )<br>) | CIVIL ACTION NO. 04-112930-REK |

## REPLY OF MIGUEL A. CINTRON TO COUNTERCLAIM

Plaintiff/Defendant-In-Counterclaim Miguel A. Cintron ("Mr. Cintron") hereby files his reply to the Counterclaim of Defendants/Plaintiff-In-Counterclaim Systems Marketing, Inc. ("SMI") as follows:

### PARTIES

1. Mr. Cintron lacks sufficient knowledge to admit or deny the allegation, and calls upon SMI to prove the same at trial.

2. Admit.

### FACTS

3. Mr. Cintron lacks sufficient knowledge to admit or deny the allegations, and calls upon SMI to prove the same at trial.

4. Mr. Cintron admits that Peter McLoughlin (hereinafter "McLoughlin) discussed the development of the Application with Mr. Cintron on or about April, 2002. Mr. Cintron admits that he represented that he was familiar with programmers who may be able to develop the proposed Application. Mr. Cintron denies the remainder of the allegations contained in Paragraph 4.

5. Mr. Cintron admits entering into a joint venture partnership with SMI and/or McLoughlin in or about April, 2002. Mr. Cintron denies the remainder of the allegations contained in Paragraph 5.

6. Mr. Cintron admits that he did not invest cash in the joint venture. Mr. Cintron admits that agreed to maintain the computer network for the Application. Mr. Cintron denies the remainder of the allegations contained in Paragraph 6.

7. Mr. Cintron admits that SMI and/or McLoughlin agreed to provide computer hardware and other capital investments for the joint venture. Mr. Cintron denies the remainder of the allegations contained in Paragraph 7.

8. Mr. Cintron denies the first sentence of Paragraph 8. Mr. Cintron lacks sufficient knowledge to admit or deny the second sentence of Paragraph 8, and calls upon SMI to prove the same at the trial.

9. Mr. Cintron admits that the joint venture agreement called for a 50-50 division of net profits following the payment of costs associated with the project. Mr. Cintron lacks sufficient knowledge to admit or deny the remainder of the allegations contained in Paragraph 9, and calls upon SMI to prove the same at trial.

10. Mr. Cintron admits that the final Application was not completed by 2002. Mr. Cintron denies the remainder of the allegations contained in Paragraph 10.

11. Mr. Cintron admits that he located Rafael Benzan ("Benzan") as a potential programmer to work on the Application in 2002. Mr. Cintron denies that he contracted with Benzan. Mr. Cintron lacks sufficient knowledge to admit or deny the date or amount of payments to Benzan from SMI, and calls upon SMI to prove the same at trial. Mr. Cintron denies the remainder of the allegations contained in Paragraph 11.

12. Mr. Cintron lacks sufficient knowledge to admit or deny the date and the amount of any payment to Benzan by SMI, and calls upon SMI to prove the same at trial. Mr. Cintron denies the remainder of the allegations contained in Paragraph 12.

13. Mr. Cintron denies that the Application was not operational. Mr. Cintron lacks sufficient knowledge to admit or deny the allegations contained in the second sentence of Paragraph 13, and calls upon SMI to prove the same at trial.

14. Mr. Cintron admits that he ceased working on the joint venture project only after McLoughlin and/or SMI breached the terms and conditions of the joint venture partnership. Mr. Cintron denies that he agreed to dissolve the joint venture partnership. Mr. Cintron denies the remainder of the allegations contained in Paragraph 14.

15. Mr. Cintron denies that he agreed to dissolve the joint venture partnership. McLoughlin and/or SMI breached the joint venture partnership, thereby excusing him from further performance. Mr. Cintron denies that he employed any computer programmer. Mr. Cintron lacks sufficient knowledge to admit or deny the remainder of the allegations contained in Paragraph 15, and calls upon SMI to prove the same at trial.

16. Mr. Cintron denies that the Application was not operational. Mr. Cintron lacks sufficient knowledge to admit or deny the remainder of the allegations contained in Paragraph 16, and calls upon SMI to prove the same at trial.

17. Mr. Cintron lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 17, and calls upon SMI to prove the same at trial.

18. Mr. Cintron lacks sufficient knowledge to admit or deny the allegations contained in Paragraph 18, and calls upon SMI to prove the same at trial.

## COUNT I

## (BREACH OF CONTRACT)

19. Mr. Cintron repeats and incorporates by reference his answers to Paragraph 1 through 18 as if each were as fully set forth herein.

20. Denied.

21. Denied.

## COUNT II

## (BREACH OF THE IMPLIED COVENANT OF

## GOOD FAITH AND FAIR DEALING)

22. Mr. Cintron repeats and incorporates by reference his answers to Paragraphs 1 through 21 as if each were fully set forth herein.

23. The allegation contains a legal conclusion, for which no answer is required. To the extent that an answer is required, Mr. Cintron denies that he breached any duty to SMI.

24. Denied.

25. Denied.

26. Denied.

## COUNT III

### (NEGLIGENT MISREPRESENTATION - REPRESENTATIONS IN 2002)

27. Mr. Cintron repeats and incorporates by reference his answers to Paragraphs 1 through 26 as if each were fully set forth herein.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

## COUNT IV

### NEGLIGENT MISREPRESENTATION - REPRESENTATIONS IN 2003)

34. Mr. Cintron repeats and incorporates by reference his answers to Paragraphs 1 through 33 as if each were fully set forth herein.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

## COUNT V

## (FRAUDULENT MISREPRESENTATION)

41. Mr. Cintron repeats and incorporates by reference his answers to Paragraph 1 through 40 as if each were fully set forth herein.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### AFFIRMATIVE DEFENSES

### First Affirmative Defense

SMI fails to state a claim upon which relief can be granted against Mr. Cintron in the Counterclaim.

### Second Affirmative Defense

Mr. Cintron's performance under the joint venture partnership agreement was excused by the breach of SMI and McLoughlin.

### Third Affirmative Defense

SMI is estopped from bringing its claims asserted against Mr. Cintron in the Counterclaim.

### Fourth Affirmative Defense

SMI has waived its claims against Mr. Cintron brought in the Counterclaim.

### Fifth Affirmative Defense

To the extent that SMI has suffered any damages, such damages were caused by a third party for which Mr. Cintron is not responsible.

### Sixth Affirmative Defense

Any damages sustained by SMI must be reduced by SMI's own comparative or contributory negligence.

### Seventh Affirmative Defense

To the extent that SMI has sustained any damages, such damages must be offset by injury caused to Mr. Cintron.

### Eighth Affirmative Defense

SMI has failed to mitigate its damages.

### Ninth Affirmative Defense

SMI has failed to account for profits of the joint venture partnership.

### Tenth Affirmative Defense

SMI misappropriated assets of the joint venture partnership to the exclusion of Mr. Cintron.

### Eleventh Affirmative Defense

SMI's claims are barred by the Statute of Frauds.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiff/Defendant-In-Counterclaim Miguel A. Cintron hereby requests this Honorable Court to:

1. Enter judgment in his favor against Defendant/Plaintiff-In-Counterclaim Systems Marketing, Inc. on all counts of the Counterclaim;

2. Dismiss all counts of the Counterclaim with prejudice;

3. Award his reasonable attorneys' fees and costs in defending the Counterclaim; and

4. Grant him such other and further relief as this Court deems just and proper.

          Respectfully submitted,

          MIGUEL A. CINTRON

          By his attorney,

          */s/ Peter F. Carr, II*
          Peter F. Carr, II (BBO #600069)
          **ECKERT, SEAMANS, CHERIN & MELLOTT, LLC**
          One International Place, 18th Floor
          Boston, Massachusetts 02110
          Telephone No.: (617) 342-6800
          Facsimile No.: (617) 342-6899

DATED: September 7, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by ~~mail~~ hand on 9-7-04 */s/ Peter F. Carr, II*

Electronic

{K0287365.1}      8